IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                                )
                                                      )
MARTY JOE NUTTALL, SR. and         )     Case No. 05-72068
SHARON ELIZABETH NUTTALL,      )
                                                      )
                Debtors.                        )

ORDER GRANTING APPLICATION FOR
WAIVER OF THE CHAPTER 7 FILING FEE

Debtors Marty Joe Nuttall, Sr. and Sharon Elizabeth Nuttall have filed an Application for Waiver of the Chapter 7 Filing Fee for Individuals who Cannot Pay the Filing Fee in Full or in Installments. For the reasons that follow, their Application to waive the filing fee is GRANTED.

As part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,[1] Congress added a provision to the United States Code which permits a bankruptcy court, pursuant to the procedures prescribed by the Judicial Conference of the United States, to waive the filing fee in an individual debtor's Chapter 7 case filed after October 17, 2005.[2] Pursuant to 28 U.S.C. § 1930(f), a bankruptcy court may waive the filing fee in an individual debtor's case under Chapter 7 if:

> the court determines that such individual has income less than 150 per cent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the *Omnibus Budget Reconciliation Act of 1981*) applicable to a family of the size

---

[1] Pub. L. No. 109-8, 199 Stat. 23 § 418 (Apr. 20, 2005).

[2] *See* H.R. Rep. No. 31, 109th Cong., 1st Sess. 418 (2005).

involved and is unable to pay that fee in installments.[3]

Pursuant to the guidelines established by the Judicial Conference of the United States,[4] a court determining a fee waiver request under this provision should consider the following factors:

First, the court must determine whether the debtor (or debtors, if a joint petition is filed) has income as reported on Line 16 of Schedule I, not including nongovernmental cash assistance (such as food stamps or housing subsidies), of less than 150% of the poverty guidelines last published by the United States Department of Health and Human Services (DHHS) applicable to a family of the size involved.[5]  Such income must include that of the debtor's nonfiling spouse, unless the spouses are separated and a joint petition is not filed, and also must include any income earned by a dependent listed on Schedule I.  Debtors with income greater than the 150% DHHS poverty guideline, are not eligible for a waiver of the filing fee.

Second, the court must determine whether the debtor is unable to pay the fee in installments, based on the totality of the circumstances.[6]  While a debtor is not disqualified

---

[3] 28 U.S.C. § 1930(f)(1) (2005).

[4] *Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, Promulgated August 11, 2005, *available at* http://www.uscourts.gov/bankruptcycourts/povertyguidelines.pdf

[5] *Id*. at ¶ II.A.1, 2 and 3.

[6] *Id.* at ¶ II.A.5.

from a waiver of the filing fee solely because the debtor has paid, or has promised to pay, an attorney, petition preparer, or debt relief agency for the bankruptcy case, the guidelines do not prohibit the court from considering such payment or promise to pay as a factor to be considered on the issue of whether the debtor is able to pay the fee in installments.[7]

The debtor bears the burden of showing that the application for waiver of the filing fee should be granted.[8]

In this case, the Debtors have four minor children and, thus, a family of six. Their Schedule I shows total monthly income of $1,571.67. However, food stamps, which are not to be included in monthly income for these purposes, make up $450 of that amount. As a result, their income for this analysis is $1,126.67 per month. All of this income is earned by Sharon Nuttall; the schedules state that Marty Nuttall is disabled. In Missouri, 150% of the 2005 DHHS Guideline, for a family of six, is $3,233.75. Because their monthly income is significantly less than that amount, the Debtors in this case have easily met the first requirement.

With regard to the question of whether the Debtors are unable to pay the filing fee in installments, a court must naturally look first to the debtor's expenses to determine whether the debtor has the ability to pay the fee out of his income. In this case, the Debtors' Schedule J shows the following monthly expenses:

---

[7] *Id.*

[8] *Id.* at II.A.6.

| | |
|---|---|
| Rent | $ 450.00 |
| Electricity and heating fuel | 120.00 |
| Telephone | 35.00 |
| Food | 645.00 |
| Clothing | 100.00 |
| Medical and dental expenses | 15.00 |
| Transportation (not including car payments) | 160.00 |
| Recreation, clubs and entertainment newspapers, magazines, etc. | 100.00 |
| Auto insurance | 61.00 |
| Property taxes | 5.00 |
| Payment for support of additional dependents not living at your home | 150.00 |
| School lunches | 100.00 |
| Hair cuts | 60.00 |
| Personal items | 50.00 |
| Total | $2,051.00 |

Congress has not set forth any guidelines as to what may constitute reasonable expenses in this analysis and, while the Internal Revenue Service guidelines are therefore not controlling as to reasonable expenses, they do establish a standard as to expenses which have been accepted by Congress elsewhere as a starting point in determining reasonableness.[9]

Applying those standards to this case, the amount set by the IRS for the local housing and utility standard for a family of four or more persons in Jackson County, Missouri, is $819. The Debtors claim a total of $605 on their Schedule J for housing and utilities, including telephone, which is below the standard set by the IRS.

The IRS local transportation expense standard for Kansas City, Missouri, for one car,

---

[9] *See* 11 U.S.C. § 707(b). The IRS guidelines may be found at http://www.usdoj.gov.ust.

excluding property taxes, is $291, and the national standard for ownership costs for one car is $475. The Debtors own one car, a 1995 Plymouth Voyager, which they value at $700. The Debtors owe nothing on the car. They pay $61 for auto insurance and $160 for transportation expense, not including car payments, for a total of $221. Again, the Debtors' transportation expenses are far below the standards set by the IRS.

The IRS National Standard for Allowable Living Expenses, which includes food, housekeeping supplies, apparel and services, personal care products and services, and miscellaneous, based on gross monthly income of $1,571.67 for a family of six, is $1,281.[10] The Debtors' food, clothing, recreation, school lunches, hair cuts, and personal items total $955, again well below the national standard.

In addition, I find that the Debtors do not have any assets from which they could pay the filing fee. They own no real property and list personal property valued at a total of $1,765, including $700 for the 1995 Plymouth Voyager.

Finally, as noted above, the Judicial Conference has stated that, while a debtor is not disqualified from a waiver of the filing fee solely because the debtor has paid, or has promised to pay, an attorney for the bankruptcy case, the guidelines do not prohibit the court from considering such payment or promise to pay as a factor to be considered on the issue

---

[10] Under the means testing analysis, which also requires the court to look at the IRS standards for allowable living expenses, the court is to consider the debtor's payments on secured debt and make certain other adjustments to the IRS standards. These Debtors have no secured debt, so it is not an issue here, but I would suggest that debtors making monthly payments on secured debt in excess of IRS standards would ordinarily not be eligible for waiver of the filing fee.

of whether the debtor is able to pay the fee in installments. In other words, a debtor who can afford to pay his attorney a fee may very well be able to pay the filing fee as well. In this case, the Debtors' schedules show that they have paid nothing, nor have they promised to pay anything, to the attorney who filed this case on their behalf.

In sum, I find that the Debtors' expenses in this case are reasonable under any measurement. Further, their reasonable monthly expenses exceed their monthly income by $479.33. I find, therefore, based on the totality of the circumstances, that the Debtors in this case do not have the ability to pay the filing fee.

Accordingly, their Application to waive the filing fee in this case is GRANTED. The filing fee is WAIVED.

IT IS SO ORDERED.

                                                   /s/ Arthur B. Federman
                                                         Bankruptcy Judge

Date: December 27, 2005

**\*\*\*Edward A. Coulson to serve parties not receiving electronic notice\*\*\***